UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:
TERRI L. STEFFEN,

               Debtor.
_____/

TERRI L. STEFFEN,

               Appellant,
v.                                Case No.  8:12-cv-1053-T-33
                                  Bankr. No. 8:01-bk-9988-MGW

DOUGLAS MENCHISE,
Chapter 7 Trustee,

               Appellee.
_____/

## ORDER

This matter comes before the Court pursuant to Appellee Trustee Douglas Menchise's Motion to Dismiss Appeal as Moot, filed on December 6, 2012. (Doc. # 18).  On December 7, 2012, the Court ordered Appellant Terri L. Steffen to respond to the Motion to Dismiss by December 17, 2012. (Doc. # 20).  However, Appellant has failed to file a response to the Motion and the time for doing so has now passed.  Accordingly, the Court considers the Motion to Dismiss to be unopposed.  Upon due consideration of the Motion and the record before the Court, the Court grants the Motion.

## Discussion

On October 28, 2010, the Bankruptcy Court granted the Trustee's Motion to Sell Real Property at 16634 Sedona De Avila, Tampa, Florida 33613 and granted the Trustee's Expedited Motion for Ejectment.  (Doc. # 6-10).  Thereafter, the Trustee marketed the subject property and eventually entered into a contract for sale of the property.

On January 12, 2012, the Trustee filed an Expedited Motion to Approve Sale of the subject property. (Doc. # 6-13). On February 6, 2012, upon finding that no stay pending the appeal of several prior Bankruptcy Court orders was in effect, the Bankruptcy Court granted the Trustee's motion to approve the sale. (Doc. # 1-2).  The Bankruptcy Court expressly found that the purchasers were "good faith purchasers within the meaning and effect of 11 U.S.C. § 363(m), and will enjoy all protections thereby afforded therein." Id. at 2.  The sale of the subject property was consummated and recorded on or about February 9, 2012. (Doc. # 18-1).

The Appellant appealed the Bankruptcy Court's sale order to this Court and on February 15, 2012, filed an Expedited Motion for Stay Pending Appeal in the Bankruptcy Court. (Doc. # 6-17).  However, the Bankruptcy Court denied the motion on April 5, 2012, ruling that enforcement of its sale order "shall not be stayed in any manner or for any reason." (Doc. # 6-20).

Appellant lists the following three preliminary issues on appeal:

I.   Whether the Bankruptcy Court violated the Debtor's substantive and procedural due process rights when it granted the Trustee's Application to Sell Real Property pursuant to 11 U.S.C. § 363 while two appeals were pending that called into question the exempt status of the subject real property.

II.  Whether the Bankruptcy Court abused its discretion and ignored basic principles' of equity and fairness by granting the Trustee's Application to sell real property while two appeals were pending that concerned the property.

III. Whether the Court clearly erred by authorizing the sale prior to the 14 day stay as required by Fed.R.Bankr.P. 6004(h).

(Doc. # 1-4).

The Trustee now moves to dismiss this appeal as moot because the subject property has been sold to a good faith purchaser pursuant to 11 U.S.C. § 363(m), "which prevents an appellate court from granting effective relief if a sale of property is not stayed." (Doc. # 18). The Court agrees with the Trustee that this appeal is due to be dismissed as moot.

"In order to protect those who purchase property from a bankrupt estate, the Bankruptcy Code provides that once a sale is approved by the bankruptcy court and consummated by the parties, the bankruptcy court's authorization of the sale

cannot be effectively altered on appeal." <u>Cargill, Inc. v.</u> <u>Charter Int'l Oil Co.</u>, 829 F.2d 1054, 1056 (11th Cir. 1987). Section 363(m) of the Bankruptcy Code states:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not effect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).

"Because this provision prevents an appellate court from granting effective relief if a sale is not stayed, the failure to obtain a stay renders the appeal moot." <u>Cargill</u>, 829 F.2d at 1056. This rule applies even where the debtor has sought a stay pending appeal but the stay has been denied. <u>In re</u> <u>Baker</u>, 339 B.R. 298, 303 (E.D.N.Y. 2005). It is undisputed that the Appellant was not granted a stay of the sale of the subject property pending this appeal and the sale of the property to good faith purchasers has been consummated. (Doc. # 6-20). Thus, pursuant to § 363(m), this Court is unable to grant any effective relief as to the sale of the subject property, and this appeal is therefore dismissed as moot.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Appellee's Motion to Dismiss Appeal as Moot (Doc. # 18)

     is **GRANTED.**

(2)  This appeal is dismissed as moot.  The Clerk is directed

     to terminate all pending deadlines and motions and

     thereafter close this case.

     **DONE** and **ORDERED** in Chambers, in Tampa, Florida, this

18th day of December, 2012.

_____

VIRGINIA M. HERNANDEZ COVINGTON

UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record