UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:
TERRI L. STEFFEN,

                    Debtor.
_____/

TERRI L. STEFFEN,

                    Appellant,

v.                                    Case No.  8:12-cv-1053-T-33
                                      Bankr. No. 8:01-bk-9988-MGW

DOUGLAS MENCHISE,
Chapter 7 Trustee,

                    Appellee.
_____/

## ORDER

   This cause is before the Court pursuant to Appellant
Terri L. Steffen's Motion for Reconsideration (Doc. # 22),
filed on January 2, 2013. Appellee, Douglas Menchise, as
Chapter 7 Trustee, filed a response in opposition to the
motion (Doc. # 25) on January 22, 2013.  For the reasons that
follow, the Court denies the motion.

## Discussion

   It is within the Court's discretion to grant a motion for
reconsideration. Lussier v. Dugger, 904 F.2d 661, 667 (11th
Cir. 1990).  Arguments in favor of granting reconsideration
must be balanced against the desire to achieve finality in
litigation. Id.  As stated in Florida College of Osteopathic

Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308.  In deciding a motion for reconsideration, "[t]his Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Ludwig v. Liberty Mut. Fire Ins. Co., Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005).  In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id.

at * 11. (internal citation and quotation marks omitted).

Here, Steffen has failed to meet her burden of demonstrating via facts or law of a strongly convincing nature that reconsideration is required.  On December 18, 2012, the Court dismissed this appeal as moot pursuant to 11 U.S.C. § 363(m),[1] upon finding that the sale of the subject property was not stayed pending the appeal and the sale had been consummated by the parties.  (Doc. # 21).  The Court noted that Section 363(m) even applies where, as here, the debtor requested a stay of the sale pending appeal, but the stay was denied by the Bankruptcy Court.  In her motion for reconsideration, Steffen argues that "the Court's reliance upon the Bankruptcy Court's Order Denying the Debtor's Motion to Stay the sale pending appeal is misplaced as the Order is illusory." (Doc. # 22).

---

[1]      11 U.S.C. § 363(m) provides that:

The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

-3-

Specifically, Steffen argues that the Bankruptcy Court's Order denying her motion to stay was "illusory" because the Trustee violated Federal Rule of Bankruptcy Procedure 6004(h), which provides that "An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).  Thus, argues Steffen, because the Trustee sold the property within the automatic 14 day stay period, the sale was already complete when the Bankruptcy Court considered her motion to stay, such that its denial of the motion and "strong language in its order [are] purely illusory."  (Doc. # 22 at 4).

The Court does not find Steffen's argument convincing. The Advisory Notes to Rule 6004(h) explain that the rule was added "to provide sufficient time for a party to request a stay pending appeal of an order authorizing the use, sale, or lease of property under 363(b) of the Code before the order is implemented."  See In re Grubb & Ellis Co., No. 12-10685 MB, 2012 WL 1036071, at *10 (Bankr. S.D.N.Y. Mar. 27, 2012)("The purpose of this rule is to provide sufficient time for an objecting party to request a stay pending appeal.")(internal quotations and citations omitted).  However, nothing in the Rule or the Advisory Notes thereto requires the Bankruptcy

-4-

Court to *rule* on a motion for stay during the 14 day period;
rather, the 14 day automatic stay is provided only so that the
debtor has time to *request* a stay, which Steffen did here.
Thus, even if the Trustee had waited the 14 day period
provided by Rule 6004(h) and sold the property on the 15th
day, a subsequent order entered by the Bankruptcy Court
denying the motion to stay would not be rendered "illusory" by
the mere fact that it was entered after the sale had been
completed.  What Steffen would essentially have the Court rule
is that filing a motion to stay a sale pending appeal
automatically creates a stay of the sale *pending disposition
of the motion to stay*.  The Court has found no rule or case
law requiring such a holding, and the Court declines to so
hold here.   Thus, the mere fact that the Bankruptcy Court
denied the motion to stay after the property had already been
sold does not by itself render the order "illusory."

As quoted above, Rule 6004(h) expressly allows the
Bankruptcy Court to alter or even eliminate the 14 day
automatic stay requirement.  Indeed, the Advisory Notes to
Rule 6004(h) further explain that "[t]he court may, in its
discretion, order that Rule 6004(g)[2] is not applicable so that

---

[2]    Pursuant to a 2008 amendment to Rule 6004 which
added a new subdivision (g), former subdivision (g) was

-5-

the property may be used, sold, or leased immediately in accordance with the order entered by the court." See In re Grubb & Ellis Co., 2012 WL 1036071, at *10 ("The rule permits a court to waive all or part of the fourteen-day stay."). The Court finds that such has properly occurred here.

The Bankruptcy Court held a hearing on February 21, 2012, on Steffen's motion to stay the sale pending this appeal. (Hr'g Tr. Doc. # 25-1).  After hearing arguments by the parties, the Bankruptcy Court articulated the four factors to be analyzed when deciding a motion to stay and discussed at great length the reasons for its denial of the motion based on those factors.[3] Specifically, the Bankruptcy Court found that the appeal had "no likely success on the merits" in light of Steffen's many prior unsuccessful appeals in the case and that Steffen would not suffer any irreparable injury if a stay was not granted because she had not lived in the subject property for at least a year and because the proceeds from the sale

---

redesignated as subdivision (h).

[3]   In determining whether to grant a motion for stay pending appeal, a court must consider four factors: "1) that the movant is likely to prevail on the merits on appeal; 2) that absent a stay the movant will suffer irreparable damage; 3) that the adverse party will suffer no substantial harm from the issuance of the stay; and 4) that the public interest will be served by issuing the stay." Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986).

were being held in an escrow account and would be available if any of Steffen's appeals were ultimately successful. Id. at 42.  The Bankruptcy Court further found that the public interest would be harmed by allowing the case -- ongoing at that point for eleven years -- to be further delayed by a stay of the sale of the property. Id. at 42-43.  Thus, based on these reasons, the Bankruptcy Court denied the motion and held that the order approving the sale "shall not be stayed in any manner or for any reason."  (Doc. # 6-20).  Accordingly, the Court finds that the Bankruptcy Court permissibly eliminated the 14 day automatic stay, as allowed by Rule 6004(h), and denied a further stay pending this appeal, based upon a thorough examination and explanation of the relevant factors. Consequently, the Court finds that the Bankruptcy Court's order was not "illusory," such that this Court's reliance on the denial of the stay as grounds to dismiss this appeal as moot was not "misplaced."

Regarding Steffen's additional argument that "she was stripped of her rights to file a motion to stay the sale of the subject property by the Trustee's disregard of the Federal Rules of Bankruptcy Procedure 6004(h)" in violation of the Constitution's Due Process Clause (Doc. # 22 at 5-6), the Court agrees with the Trustee that this issue was not

preserved for appeal because Steffen did not object on these grounds in the Bankruptcy Court proceeding. See generally (Hr'g Tr. Doc. # 25-1). "An issue is not preserved for appeal if it was not properly presented to the bankruptcy court." In re Freedman, 427 F. App'x 813, 817 (11th Cir. 2011)(citations omitted). Thus, the Court will not consider such argument here.

Steffen has not supplied any intervening change in controlling law necessitating reconsideration, has not come forward with new evidence, and has not demonstrated that reconsideration is mandated to correct an error or to prevent manifest injustice. This Court gave careful consideration to the Trustee's motion to dismiss and ultimately determined that the motion should be granted. Steffen's instant motion for reconsideration rehashes matters that have already been decided. Rather than providing a new perspective on the issues, Steffen has, instead, reasserted her prior arguments, which this Court has thoroughly analyzed and addressed. Thus, the Court denies the motion for reconsideration.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Appellant Terri L. Steffen's Motion for Reconsideration (Doc. # 22) is **DENIED.**

-8-

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>7th</u> day of February, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record